IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 3:18-cv-00225 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOUGLAS M. KOHLS, individually and in his capacity as Executor of the Estate of Corwin J. Kohls, Deceased, | ) ) ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

The United States, pursuant to 26 U.S.C. § 7401, with the authorization of a delegate of the Secretary of the Treasury, and at the direction of a delegate of the Attorney General, brings this civil action (1) against Defendant Douglas M. Kohls, in his capacity as Executor of the Estate of Corwin J. Kohls, Deceased, to reduce to judgment unpaid federal estate tax liabilities, (2) against Defendant Douglas M. Kohls, individually, for his fiduciary liability under 31 U.S.C. § 3713, and (3) against Defendant Douglas M. Kohls, individually, for his liability associated with his distribution of Estate assets to himself.

For its Complaint, the United States alleges as follows:

### *Jurisdiction and Parties*

1. Jurisdiction over this action arises under 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7402(a).

2. Venue is proper under 28 U.S.C. §§ 1391(b) and 1396.

3.      Defendant Douglas M. Kohls, who is being sued individually and as Executor of the Estate of Corwin J. Kohls, Deceased, resides within the jurisdiction of this Court.

### COUNT I: To Collect Unpaid Form 706 Federal Estate Taxes
### (Defendant Douglas M. Kohls, as Executor of the Estate of Corwin J. Kohls, Deceased, Only)

4.      The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

5.      A delegate of the Secretary made the following estate tax, penalty, and interest assessments against the Estate of Corwin J. Kohls, Deceased, on the dates and in the amounts set forth below, and which have a balance due with accruals and costs as of May 8, 2018, as follows:

| Tax Type | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 5/8/2018 |
| --- | --- | --- | --- | --- |
| 706 | 7/4/2005 | Federal Estate Tax | $199,077.00 | $322,875.43 |
|  | 7/4/2005 | Interest | $32,769.70 |  |
|  | 5/22/2006 | Interest | $1,039.97 |  |
|  | 5/14/2007 | Interest | $23,751.05 |  |
|  | 5/12/2008 | Interest | $14,423.35 |  |
|  | 4/27/2009 | Late Payment Penalty | $6,613.28 |  |
|  | 4/27/2009 | Interest | $10,564.01 |  |
|  |  | **TOTAL** |  | **$322,875.43** |

6.      A delegate of the Secretary duly gave the Estate of Corwin J. Kohls, Deceased, notice of the tax liabilities described in paragraph 5, above, and made a demand for payment of the balance due.

7.      Despite such notice and demand, the Estate of Corwin J. Kohls, Deceased, has failed, neglected, or refused to pay in full the liabilities described in paragraph 5, above, and, after the application of all abatements, payments, costs, accruals, and credits, as of May 8, 2018, it remains indebted to the United States for unpaid estate taxes, penalties, and interest, in the

amount of $322,875.43, plus statutory additions from and after May 8, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

8. This action is timely commenced because it was brought within the statute of limitations set forth in 26 U.S.C. §§ 6502, 6503(d), and 6161(b)(2). On September 21, 2005, August 30, 2006, and July 25, 2007, the U.S. Department of Treasury, Internal Revenue Service ("IRS"), granted to Douglas M. Kohls, as Executor of the Estate of Corwin J. Kohls, Deceased, one-year extensions of time to pay the estate tax liabilities.

### COUNT II: Fiduciary Liability Under 31 U.S.C. § 3713 (Defendant Douglas M. Kohls, Individually, Only)

9. The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

10. Corwin J. Kohls died on or about September 10, 2001.

11. Corwin J. Kohls died testate, and his estate was probated in the Montgomery County Probate Court (Case No. 2001 EST336607). The executor of his estate was Douglas M. Kohls.

12. On or about December 9, 2002, the Estate of Corwin J. Kohls, Deceased, filed a Form 706 with the IRS regarding the Estate's tax liability. The Form 706 set forth an estate tax liability in the amount of $17,480, prior payments in the total amount of $25,000, and an overpayment in the amount of $7,520.

13. On or about May 27, 2005, Defendant Douglas M. Kohls, as Executor of the Estate of Corwin J. Kohls, Deceased, signed a Form 890, Waiver of Restriction on Assessment and Collection of Deficiency and Acceptance of Assessment–Estate, Gift, and Generation-Skipping Transfer Tax ("Assessment Waiver"), in which Douglas M. Kohls as Executor consented to the immediate assessment of, and collection of a deficiency with respect to, a

$199,077 deficiency in estate tax resulting from an IRS examination of the filed Form 706 estate tax return.

14. On July 4, 2005, the IRS assessed the additional $199,077 in estate tax against the Estate of Corwin J. Kohls, Deceased.

15. Despite signing the Assessment Waiver, Defendant Douglas M. Kohls, as Executor of the Estate of Corwin J. Kohls, Deceased, proceeded to transfer several real properties from the Estate of Corwin J. Kohls, Deceased, to himself and to third parties. These transfers are summarized in the following table:

| Recording Date with County Recorder | Property Address | Name of Transferee(s) |
| --- | --- | --- |
| July 20, 2005 | 332-338 Windsor Park Centerville, OH 45459 Parcel ID No. 067-200-18-3 | Harry W. Garrett & Donna K. Garrett |
| July 20, 2005 | 342-348 Windsor Park Centerville, OH 45459 Parcel ID No. 067-200-18-4 | Harry W. Garrett & Donna K. Garrett |
| July 20, 2005 | 352-358 Windsor Park Centerville, OH 45459 Parcel ID No. 067-200-18-5 | Harry W. Garrett & Donna K. Garrett |
| August 12, 2005 | 8305-8311 Woodgrove Centerville, OH 45458 Parcel ID No. 067-234-14-13 | Cynthia L. Rogers |
| October 12, 2005 | 4627-4629 Far Hills Avenue, Kettering, OH 45429 Parcel ID No. N64-4–9-4, 5 | Douglas M. Kohls |

16. The probate estate closed on February 27, 2007. The United States cannot satisfy its claim for the unpaid federal estate tax liabilities directly from the Estate because, upon information and belief, no assets remain to be administered in the Estate.

17. As Executor of the Estate, Douglas M. Kohls was required to pay the estate tax liabilities of the Estate.

18. No later than May 27, 2005, when he signed the Assessment Waiver, Douglas M. Kohls had knowledge or notice of the possibility of additional estate tax liabilities.

19. Despite having such notice, Douglas M. Kohls distributed assets of the Estate to persons and entities other than the United States. The distributions of assets of the Estate, and the administration of all assets of the Estate, rendered the Estate unable to pay its outstanding federal estate tax liabilities.

20. Defendant Douglas M. Kohls is liable to the United States under 31 U.S.C. § 3713(b) for each distribution, to persons and entities other than the United States, of the Estate's assets, to which the United States was entitled to priority under 31 U.S.C. § 3713(a), in the amount of $322,875.43, as of May 8, 2018, plus statutory additions from and after May 8, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), or, in the alternative, in the total amount of such distributions, if lesser.

### COUNT III: Liability for Distribution of Estate Property to Himself (Defendant Douglas M. Kohls, Individually, Only)

21. The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

22. Defendant Douglas M. Kohls, as Executor of the Estate of Corwin J. Kohls, Deceased, transferred at least two real properties from the Estate to himself while serving as Executor.

23. Pursuant to a Certificate of Transfer issued by the Probate Court of Montgomery County, Ohio, on November 12, 2004, and recorded on November 19, 2004, with the Montgomery County Recorder's office at Instrument Number 2004-00131132, Douglas M. Kohls, as Executor of the Estate of Corwin J. Kohls, Deceased, conveyed to himself certain real

5

property located at 1535 Willamet Road, Kettering, Ohio 45429, in Montgomery County (the "Willamet Road Property"), which is legally described as follows:

> Situated in the County of Montgomery in the State of Ohio and in the City of Kettering and being Lots numbered ONE (1) and TWO (2) Tudor Park Section One, as recorded in Plat Book "68" page 5 of the Plat Records of Montgomery County, Ohio.

24. Pursuant to a Certificate of Transfer issued by the Probate Court of Montgomery County, Ohio, on September 14, 2005, and recorded on October 12, 2005, with the Montgomery County Recorder's Office at Instrument Number 2005-00104041, Douglas M. Kohls, as Executor of the Estate of Corwin J. Kohls, Deceased, conveyed to himself certain real property located at 4627-4629 Far Hills Avenue, Kettering, Ohio 45429, in Montgomery County (the "Far Hills Avenue Property"), which is legally described as follows:

> Located in Section 34, Town 2, Range 6 MRS, City of Kettering, County of Montgomery and State of Ohio and being part of Lot Number One (1) and part of Lot Number Two (2) in Burel Acres, as recorded in Book "ZZ," Page 38 in the Plat Records of Montgomery County, Ohio, said parts of said Lots being more particularly described as follows:  Beginning at the southeast corner of said Lot Number Two (2), thence with the south line of said Lot Number Two (2) South 89° 01' 20" West for 341.33 feet to the southerly extension of the west line of said Lot number One (1); thence with said extension and the west line of said Lot Number One (1); North 6° 17' West for 147.77 feet; thence parallel with and 30.00 feet measured at right angles southwardly from the north line of said Lot Number One (1) North 89° 09' 30" East for 205.66 feet; thence South 6° 17' 00" East for 87.04 feet to the south line of said Lot Number One (1); thence with the south line of said Lot Number One (1) North 89° 01' 20" East for 129.36 feet to the southeast corner of said Lot Number One (1) and the northeast corner of said Lot Number Two (2); thence with the east line of said Lot No. Two (2) South 12° 13' 00" East for 61.17 feet to the point of beginning, containing 0.876 Acres more or less.

25. Despite transferring the Willamet Road Property and the Far Hills Avenue Property to himself while serving as Executor, Defendant Douglas M. Kohls failed to pay the Estate's outstanding federal estate tax liabilities.

26. Under Ohio common law principles of equity, a creditor of a probate estate may follow the assets of the testator into the hands of legatees and distributees and compel a refund or clawback. Such legatees and distributees are in equity considered trustees with respect to payment of the estate's debts.

27. Furthermore, by transferring the Willamet Road Property and the Far Hills Avenue Property to himself while serving as Executor, and retaining said Properties, yet failing to pay the Estate's outstanding federal estate tax liabilities, Defendant Douglas M. Kohls was unjustly enriched at the expense of the United States, to which the United States is entitled to restitution.

28. The United States is entitled to judgment against Defendant Douglas M. Kohls, individually, for his liability with respect to transfers of the Willamet Road Property and the Far Hills Avenue Property from the Estate of Corwin J. Kohls, Deceased, to himself, in the amount of $322,875.43, as of May 8, 2018, plus statutory additions from and after May 8, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), or, in the alternative, in the amount of the combined value of the Properties as of the respective date of their transfer, if lesser.

29. The United States cannot satisfy its claim for unpaid federal estate tax liabilities directly from the Estate because, upon information and belief, no assets remain to be administered in the Estate.

WHEREFORE the Plaintiff United States of America requests that this Court:

A. Enter judgment in favor of the Plaintiff United States of America and against the Defendant Douglas M. Kohls, as Executor of the Estate of Corwin J. Kohls, Deceased, in the amount of $322,875.43, as of May 8, 2018, plus statutory additions from and after May 8, 2018,

including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) for the unpaid federal estate tax liabilities;

      B.      Enter judgment in favor of the Plaintiff United States of America and against the Defendant Douglas M. Kohls, individually, in the amount of $322,875.43, as of May 8, 2018, plus statutory additions from and after May 8, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), or, in the alternative, in the total amount of such distributions, if lesser, for his fiduciary liability pursuant to 31 U.S.C. § 3713;

      C.      Enter judgment in favor of the Plaintiff United States of America and against the Defendant Douglas M. Kohls, individually, in the amount of $322,875.43, as of May 8, 2018, plus statutory additions from and after May 8, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), or, in the alternative, in the amount of the combined value of the Properties as of the respective date of their transfer, if lesser, for his liability associated with the transfer of those Properties from the Estate of Corwin J. Kohls, Deceased, to himself; and

      D.      Award the United States of America its costs in this action, and such other and further relief as the Court determines is just and proper.

DATED:  July 2, 2018

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General
        Tax Division, U.S. Department of Justice


        */s/ Philip L. Bednar*
        PHILIP LEONARD BEDNAR
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C.  20044
        202-307-6415 (v)
        202-514-5238 (f)
        Philip.L.Bednar@usdoj.gov
        WA State Bar No. 41304

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| *Plaintiff(s)* <br> v. <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

     A lawsuit has been filed against you.

     Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

     If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                           *CLERK OF COURT*

Date: _____                  _____
                                                                   *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: