IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DOUGLAS M. KOHLS,
individually and in his capacity
as Executor of the Estate of
Corwin J. Kohls, Deceased,

    Defendant.

Case No. 3:18-CV-00225

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING MOTION FOR SUMMARY
JUDGMENT OF PLAINTIFF (DOC. #7) AND OVERRULING MOTION
FOR SUMMARY JUDGMENT OF DEFENDANT (DOC. #8);
JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST
DEFENDANT INDIVIDUALLY AND IN HIS CAPACITY AS EXECUTOR
OF THE ESTATE OF CORWIN J. KOHLS IN THE AMOUNT OF
$322,875.43, PLUS STATUTORY ADDITIONS FROM AND
AFTER MAY 8, 2018, INCLUDING INTEREST, PURSUANT TO 26
U.S.C. §§ 6601, 6621, 6622, AND 28 U.S.C. § 1961(c), FOR UNPAID
FEDERAL ESTATE TAXES (FORM 706); TERMINATION ENTRY

---

This matter is before the Court pursuant to a Motion for Summary Judgment ("Motion") filed by Plaintiff, United States of America ("United States" or "Plaintiff"), against Defendant, Douglas M. Kohls, in his individual capacity and in his fiduciary role as the executor of the estate of his father, Corwin J. Kohls, deceased. Doc. #7. The United States seeks judgment against Defendant on three claims alleged in its Complaint. Two of the claims are asserted against Defendant

individually and one of the claims is asserted against him as the executor of his father's estate. Defendant filed no response to Plaintiff's Motion.

Defendant has also filed a Motion for Summary Judgment, Doc. #8, asserting that the claims alleged against him, individually and as executor, are time-barred pursuant to 26 U.S.C. § 6502. The United States filed a response to Defendant's motion. Doc. #9.

I. **Background**

Corwin J. Kohls died testate on September 10, 2001. On September 12, 2001, Douglas M. Kohls, his son, opened an estate in the Common Pleas Court of Montgomery County, Ohio, Probate Division ("Probate Court") and was named the executor. *Estate of Corwin J. Kohls*, 2001 EST 336607, Montgomery County Common Pleas Court, Probate Division ("Estate"). Following an extension, the Estate filed its Form 706, United States Estate (and Generation Skipping Transfer) Tax Return ("706 Return"), with the Internal Revenue Service ("IRS") on December 10, 2002. Doc. # 8, PAGEID#176. As a result of prior payments to the IRS, the 706 Return, signed by the executor, showed an overpayment in the amount of $7,520.00.[1]

Approximately one month later, on or about January 16, 2003, the IRS opened up an audit of the 706 Return.

---

[1] All references to "the executor" in this Decision and Entry are to Defendant, Douglas M. Kohls, acting in his fiduciary capacity as the executor of the Estate.

2

In March of 2004, the Estate filed a report with the Probate Court. The report, signed by the executor, stated that the administration needed to be continued "until a determination is made by the Internal Revenue Service regarding a family-owned business interest deduction on the federal estate tax return . . . the Internal Revenue Service has not completed the review of the tax return." Doc. #7-3, PAGEID#1325. On November 19, 2004, the Estate, through the executor, transferred Estate property, located at 1535 Willamet Road, in Kettering, Ohio (the "Willamet Road Property"), to Defendant in his individual capacity. The property had a net equity, as of the September 10, 2001, date of death, of $182,747. The Estate received no money for this transfer. Doc. # 7-3, PAGEID##113-1144.

In December 2004, the Estate filed another report with the Probate Court in which the executor stated that "he had been unable to distribute the assets and finalize the administration of the estate due to the. . . protracted review of Form 706" Doc. #7-3, PAGEID#133. The December report again referenced the "family-owned business deduction" and stated this time that "if the deduction is not approved, additional assets will have to be sold to pay any additional federal estate tax that may be due." *Id*.

The IRS audit of the 706 Return was completed and, on or about May 27, 2005, the executor signed a Form 890, Waiver of Restriction on Assessment and Collection of Deficiency and Acceptance of Overassessment – Estate Gift and Generation Skipping Transfer Tax ("Assessment Waiver"). In the Assessment

3

Waiver, the executor consented to the immediate assessment and the collection of a $199,077 estate tax deficiency. On that same date, the executor also signed a Form 4768, Application for Extension of Time to File a Return and/or Pay U.S. Estate (and Generation Skipping Transfer) -Taxes" ("Application for Extension"). Pursuant to 26 U.S.C. § 6161(b)(2). The IRS granted the Estate a one-year extension for payment so that the federal estate tax of $199,077, plus interest, was now due on or before May 27, 2006.

Pursuant to 26 U.S.C. § 6203, on July 4, 2005, the IRS made an assessment against the Estate of the $199,077 estate tax deficiency. Doc. #7-2, PAGEID##49-50; Doc. #7-1, PAGEID#35.

On August 12, 2005, and October 12, 2005, the Estate, through the executor, transferred two properties for no consideration. Specifically, on August 12, 2005, the Estate transferred property located at 8305-8311 Woodgrove Drive in Centerville, Ohio, ("Woodgrove Drive Property") to Defendant's sister, Cynthia L. Rogers. On October 12, 2005, property in the Estate located at 4627-4629 Far Hills Avenue, Kettering, Ohio, ("Far Hills Avenue Property") was transferred to Defendant individually. Using the date of death values and subtracting the mortgages, the net equity of the Woodgrove Drive Property was $53,439 and the net equity of the Far Hills Avenue Property was $571,001. Doc. #7-1, PAGEID#37.

On May 27, 2006, the executor signed a second Application for Extension seeking another one-year extension to pay the Estate's taxes. This extension was also granted and payment of the tax deficiency was extended until May 27, 2007.

4

Although the federal tax deficiency was unpaid, the Estate was closed in February 2007. On May 27, 2007, the third and final Application for Extension was signed by the executor and granted by the IRS. As a result, payment of the Estate's tax and interest was due on May 27, 2008.

As of May 8, 2018, the amount of the Estate's federal estate tax liabilities, "taking into account the assessments of taxes, penalties and interest, and all payments, credits, abatements, and accruals" totaled $322,875.43. Doc. #7-5, PAGEID#166.

## II.  Summary Judgment

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S.

5

242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 2726 (1998). In determining whether a genuine dispute of material fact exists, a court need only consider the

6

materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). If it so chooses, however, the Court may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

III. **Legal Analysis**

In seeking payment of the Estate's tax liability, Plaintiff's Complaint asserts three different counts against Defendant. In Count I, the United States alleges liability against Defendant in his capacity as the executor of the Estate and seeks to reduce the outstanding federal estate tax liability of $322,875.43, as of May 8, 2018, to judgment. Count II is pursuant to 31 U.S.C. § 3713, the Federal Insolvency Statute. Under this federal statute, the United States seeks personal liability against Defendant for the amount of the Estate's tax liability for failing to pay the estate tax deficiency before distributing the property of the Estate. The third Count alleges a state claim under Ohio law for unjust enrichment and is also asserted against Defendant in his individual capacity. In support of its Motion, Plaintiff has attached Defendant's deposition transcript, affidavits and exhibits detailing the amount of the Estate's tax liability, the date of transfer of the properties and their value as of the date of death.

7

Although Defendant has filed no response to Plaintiff's Motion, he did, however, file a Motion for Summary Judgment ("Defendant's Motion") asserting that Plaintiff's Complaint seeking payment of the Estate's tax deficiency is "time barred by the provisions of 26 U.S.C. § 6502." Doc. #8, PAGEID#177. According to Defendant, § 6502, entitled "Collection after assessment," along with the three one-year extensions which the IRS granted, required Plaintiff to file its Complaint on or before May 27, 2018 or, at the latest, June 2, 2018. Doc. #8, PAGEID##182-83. 26 §§ 6502 and 6161(b)(2). Defendant contends that because the Complaint was not filed until July 2, 2018, there is no genuine dispute of material fact and he is entitled to summary judgment as a matter of law.

Before considering Plaintiff's Motion, the Court will first review whether, as argued by Defendant, Plaintiff's Complaint is time-barred under 26 U.S.C. § 6502(d). The relevant portion of this statute reads as follows:

> § 6502. Collection after assessment
> (a) Length of period. -- Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun--
> (1) within 10 years after the assessment of the tax

26 U.S.C. § 6502(a)(1)

In addition to the ten years to file suit, Defendant concedes that because of the three one-year extensions that were granted by the IRS in the Applications for Extension, Form 4768, 26 U.S.C. § 6161(b)(2) extends the ten-year statute of limitations for an additional three years. According to Defendant, because he

8

signed the Assessment Waiver, also known as the Form 890, on May 27, 2005, the thirteen-year time period begins to run from this date. As such, the statute of limitations ran on May 27, 2018, and Defendant's Motion should be sustained. Doc. #8, PAGEID183.

Alternatively, Defendant argues that the latest period of time to start the running of the ten-year statute of limitations under 26 U.S.C. § 6502 is the date when the IRS received the signed May 27, 2005, Assessment Waiver. Defendant asserts that the IRS's date of receipt of the Assessment Waiver was June 2, 2005. Based on this argument, Defendant asserts that under § 6502(d) and the three one-year extensions, the "alternate collection statute expiration date" is June 2, 2018, which is thirty days before the Complaint was filed. Doc. #8, PAGEID#183.

In response to Defendant's statute of limitations defense, although Plaintiff agrees that it had 13 years to file its Complaint, it disputes that the May 27, 2005, Assessment Waiver is the starting point. Specifically, the United States argues that the "assessment" referred to in 26 U.S.C. § 6502 is not the Assessment Waiver Defendant signed on May 27, 2005. According to Plaintiff, "[A]n assessment is made 'by recording the liability of the taxpayer in the office of the Secretary in accordance with rules and regulations prescribed by the Secretary.'" 26 U.S.C. § 6203. *Laing v. United States*, 423 U.S. 161, 170 n.13 (1976) ("The assessment is essentially a bookkeeping notation that is made when the Secretary or his delegate establishes an account against the taxpayer on the tax rolls."). As such, Plaintiff argues that its Complaint was timely filed.

9

The Court finds that Defendant's reliance on the Assessment Waiver, Form 890, as the "assessment" referred to in 26 U.S.C. § 6502 is misplaced. A "Form 890 is a waiver of restriction on assessment and collection of the deficiency. It is not an assessment." *Singleton v. C.I.R.*, 71 T.C.M. (CCH) 3127, *3, n. 3 (T.C. 1996).

> An assessment is made by recording the liability of a taxpayer in the office of the Secretary in accordance with prescribed rules or regulations. Sec. 6203. The date of assessment is the date the summary record of assessment is signed by the assessment officer. Sec. 301.6203-1, Proced. & Admin.

*Id.*

Plaintiff has filed with its Motion a Certificate of Official Record (Form 4340) establishing, among other things, "the certificate of assessments, payments and other specified matters." Doc. #7-2, PAGEID#50. As noted by Plaintiff, this Form 4340 establishes the assessment date as July 4, 2005, and is entitled to a "presumption of correctness." Doc. #7, PAGEID#199. *United States v. Walton*, 909 F.2d 915, 919 (6th Cir. 1990) (quoting, *Weimerskirch v. Commissioner*, 596 F.2d 358, 362 (9th Cir.1979) "[a] deficiency determination which is not supported by the proper foundation of substantive evidence is clearly arbitrary and erroneous" and "a minimal evidentiary foundation" is required "even when the taxpayer offers no concrete evidence."). Other than Defendant's questioning "that this additional assessment against the Estate occurred on July 4, 2005, which was Independence Day for that year and a federal holiday," Doc. #8, PAGEID#181, Defendant offers nothing to refute the July 4, 2005, assessment date as stated in Form 4340. Doc. #7-2, PAGEID#50

Because the Complaint was filed July 2, 2018, the Court finds that Plaintiff's Complaint is not barred by the statute of limitations under 26 U.S.C. § 6205.

Having determined that Plaintiff's Complaint was timely filed and that Defendant does not challenge that the amount of the Estate's tax deficiency, as of May 8, 2018, is $322,875.43, the Court will briefly review the evidence presented in support of the Motion, recognizing that by not responding, Defendant has impliedly conceded that Plaintiff has established the elements of its claims against him.

As to Count I, Defendant, as executor, was legally required to pay the federal estate tax, had notice of the tax liability and the demand for payment by the United States. Plaintiff has established that there is no genuine dispute of a material fact under Count I.

Plaintiff argues that with respect to Count II, Defendant is individually liable as a fiduciary pursuant to 31 U.S.C. § 3713, the Federal Insolvency Statute ("FIS"). In this case, the FIS requires that Plaintiff's claim be paid first when the estate of a deceased debtor is insufficient to pay all debts. § 3713(a)(1). Finally, if Defendant, as executor, paid "any part of a debt" before paying the federal estate tax claim, he may be liable for the Estate's tax deficiency. § 3713(b). Based on this statute, Plaintiff contends that it has established the three elements of the statute since Defendant, as executor, transferred property to himself, the Willamet Road Property and Far Hills Avenue Property, and the Woodgrove Drive Property to his sister, for no consideration. The remaining properties were apparently transferred

11

to third parties. Following the transfers of these properties, there were no further assets in the Estate and, according to Plaintiff, the Estate was rendered insolvent. Finally, these transfers occurred after the Defendant was aware that the 706 Return was undergoing an audit and after he filed status reports with the Probate Court stating that no distributions could be made because of the audit and noted concerns about a business deduction not being approved. Plaintiff has established that there is no genuine dispute of a material fact under Count II. *United States v. Coppola*, 85 F.3d 1015, 1020 (2d Cir. 1996) (executor who knew of claim for federal estate taxes but depleted estate assets by distributing them to himself and his family and rendering estate insolvent, was personally liable under 31 U.S.C. § 3713).

Plaintiff has also alleged that Defendant has individual liability under Count III for the Estate's tax deficiency due to the transfers of the Wilamet Road Property and the Far Hills Avenue Property from the Estate to Defendant in his individual capacity. Count III, however, relies on "Ohio common law principles of equity" and unjust enrichment. Unjust enrichment requires evidence that

> (1) a benefit has been conferred by a plaintiff upon a defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment.

Based on the deposition testimony of Defendant, Doc. #7-3, PAGEID##60-126, as well as the exhibits, *Id.*, PAGEID##127-146, there is no genuine dispute of material fact but that Defendant was unjustly enriched in his individual capacity.

## IV. Conclusion

For all the foregoing reasons, the Court SUSTAINS Plaintiff's Motion for Summary Judgment, Doc. #7, and OVERRULES Defendant's Motion for Summary Judgment, Doc. #8. Judgment is entered in favor of Plaintiff, United States of America, and against Defendant, Douglas M. Kohls, in his individual capacity and as Executor of the Estate of Corwin J. Kohls, Deceased, in the sum of $322,875.43, plus statutory additions from and after May 8, 2018, including interest, pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c), for unpaid federal estate taxes.

Judgment shall be entered in favor of Plaintiff and against Defendant.

The captioned case is hereby terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

Date: January 2, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE